IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EVERALD FAGAN (aka EDWARD FRANCIS) | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA, et al. | : | NO. 02-4629 |

REPORT AND RECOMMENDATION

DIANE M. WELSH
UNITED STATES MAGISTRATE JUDGE                    November    , 2002

Presently before the court is a pro se petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  The petitioner states that he pled nolo contendere in the Court of Common Pleas for Delaware County to three charges of retail theft filed in 1998 and another three charges of retail theft filed in 1999.  Petition at p. 5.  The petitioner states that he was convicted on May 25, 1999.  Id.  However, the petitioner also states that he was sentenced by two different judges.  Id.  The petitioner claims he was sentenced on the 1998 charges to 30 days to 23 months of incarceration; he claims that he was sentenced on the 1999 charges to "one day less a year to 23 months."  Id.

The petitioner's claims are the following.  First, that his guilty pleas were not knowing and voluntary because neither the trial courts nor his defense counsel informed him that his guilty pleas could lead to his being deported to Jamaica.  Petition

at p. 9. Second, his detention by the INS violates his right to be free from double jeopardy.[1] Id. at pp. 9-10. Third, his defense counsel were ineffective for failing to advise him that his guilty pleas could lead to his being deported to Jamaica. Id. at p. 10. Fourth, he was denied the right to appeal his guilty pleas. Id.

The respondent, the District Attorney for Delaware County, has answered the habeas petition and has provided the court with documents concerning the six charges to which the petitioner pled guilty. The Court of Common Pleas for Delaware County has also provided the court with documents concerning the six charges to which the petitioner pled guilty. These documents have clarified the petitioner's charges and sentences. The District Attorney has submitted a copy of the petitioner's guilty plea transcript for May 29, 1999. On that day, the petitioner pled guilty to three 1998 charges of retail theft before the Honorable Charles C. Keeler. (N.T. 5/29/01 at pp. 3-9). The petitioner was sentenced to 30 days to 23 months on each charge, the sentences to run concurrently. Id. at p. 8. The sentence was to be effective on June 7, 1999. Id.

On November 12, 1999, the petitioner pled guilty to three 1999 charges of retail theft before the Honorable Patricia H. Jenkins. He was sentenced to one year less a day to two years less a day on each charge, the sentences to run concurrently. On the same day, he also had a parole revocation hearing before Judge Keeler for the charges to which he had pled guilty on May 29, 1999. He was sentenced to serve "backtime" on those charges.

---

[1] The court understands INS to represent the Immigration and Naturalization Service.

The petitioner did not timely appeal his convictions. It was not until September 7, 2001 that he attempted to file appeals. His appeals were quashed by the Superior Court of Pennsylvania in early December 2001. The petitioner then filed petitions for leave to file petitions for allowance of appeal nunc pro tunc in the Supreme Court of Pennsylvania; they were denied on June 28, 2002. The petitioner filed his habeas petition on July 11, 2002.

In his answer, the District Attorney argues that the petitioner did not satisfy the jurisdictional requirement that he be in custody at the time he filed his habeas petition. The District Attorney also argues that the habeas petition is time–barred. As will be explained, the court concludes that it has jurisdiction but that the habeas petition is time-barred.

In order to satisfy the habeas statute's custody requirement, the petitioner must have been in custody pursuant to the convictions he was challenging at the time he filed his habeas petition. See Maleng v. Cook, 490 U.S. 488, 490-91, 494 (1989). As will be explained, the petitioner did not satisfy the requirement on the date he filed his habeas petition because the sentences imposed for the six theft convictions expired in September 2001. The District Attorney has so argued and he has submitted a copy of an April 18, 2002 notice by Judge Jenkins which states that the sentences she imposed for the petitioner's three 1999 theft offenses expired on September 29, 2001. The District Attorney has also provided the court with a copy of the sentence computation prison officials made when the petitioner was sentenced on November 12, 1999 for the three 1999 theft offenses; the maximum sentence date was September 29, 2001. This evidence constitutes satisfactory proof that the petitioner's concurrent sentences for his

3

three 1999 theft offenses expired before he filed his habeas petition.  The District Attorney has also provided the court with a copy of the sentence computation prison officials made when the petitioner was sentenced on November 12, 1999 for a parole violation concerning the three 1998 theft offenses; the maximum sentence date was September 10, 2001.  This constitutes satisfactory proof that the petitioner's concurrent sentences for his three 1998 theft offenses expired before he filed his habeas petition.  Thus, the court concludes that the petitioner was no longer serving the sentences that had been imposed for the 1998 and 1999 theft charges at the time he filed his habeas petition.

     Although the sentences imposed on the petitioner for the convictions he is challenging expired before he filed his habeas petition, the petitioner was in the Berks County Prison at the time he filed his habeas petition.  The petitioner's claims indicate that he was subject to removal from the United States to Jamaica because of the convictions he is challenging and that he is being detained by the Immigration and Naturalization Service.  Petition at pp. 9-10.  Thus, it would appear that the petitioner was in custody pursuant to an INS detainer at the time he filed his habeas petition and that the detainer was caused by the convictions the petitioner is challenging.  Under Third Circuit precedent, the court should construe his petition as a challenge to the 1998 and 1999 convictions by way of a challenge to his detainer so that the petitioner could satisfy the statutory custody requirement.  See Young v. Vaughn, 83 F.3d 72, 73, 75-76 (3d Cir. 1996).  In addition, the petitioner is permitted to challenge the lawfulness of the 1998 and 1999 theft charges to which he pled guilty since they appear to have caused his detention at the time he filed his habeas petition.  See Young v. Vaughn, 83

F.3d at 77-78.  Therefore, the court will not recommend dismissing this case based on the failure to satisfy the jurisdictional custody requirement and the court may also be able to consider the petitioner's challenges to his 1998 and 1999 convictions.

The court has recently learned through the District Attorney and through the district judge assigned to this case that the petitioner has recently been deported from the United States to Jamaica.  The question arises whether his deportation from the United States makes his habeas petition moot.

The petitioner was deported from the United States because his theft convictions constituted aggravated felonies under the Immigration and Nationality Act.  See 8 U.S.C. § 1227(a)(2)(A)(iii); 8 U.S.C. § 1101(a)(43)(G).  One of the consequences of being deported for an aggravated felony is that the petitioner is barred from re-entering the United States for 10 years.  See 8 U.S.C. § 1182(a)(9)(A)(ii).  In two cases where litigants were deported from the United States as aggravated felons pursuant to 8 U.S.C. § 1227 (a)(2)(A)(iii) while there cases were still pending in federal court, the Third Circuit held that the collateral consequence of their being unable to re-enter the United States for 10 years saved their cases from being mooted by their deportation. See Chong v. District Director, Immigration & Naturalization Service, 264 F.3d 378, 383-86 (3d Cir. 2001); Steele v. Blackman, 236 F.3d 130, 134 n.4 (3d Cir. 2001).  Thus, the petitioner's case is not moot even though he has been deported to Jamaica.

In this case, the petitioner is challenging the constitutionality of his 1999 convictions.  This is what Young v. Vaughn permits.  See 96 F.3d at 73-74, 78.  Young v. Vaughn does not foreclose the District Attorney from raising any affirmative defenses that are available against the convictions which resulted in the expired sentences.  Cf.

id. at 79 (indicating that the question whether the petitioner had exhausted his state court remedies had to be decided by the district court).  As noted previously, the District Attorney has raised the affirmative defense of time-bar.

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted and it imposes a one year period of limitations on habeas corpus petitions.  The time period begins to run on the latest of the following:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).  The statute also provides that "[t]he time that a properly filed application for state post-conviction or other collateral relief with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."  28 U.S.C. § 2244(d)(2).  The Third Circuit has explained that a properly filed application for state collateral relief is a "one submitted according to the state's procedural requirements, such as rules governing the time and place of filing."  Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998).

The petitioner pled guilty on May 29, 1999 and November 12, 1999.  Under state law, he had thirty days to file timely appeals of these convictions.  See Pennsylvania

Rule of Appellate Procedure 903.  The petitioner failed to do so.  Thus, under 28 U.S.C. § 2244(d)(1)(A), his convictions became final on June 29, 1999 and December 12, 1999.  See Nara v. Frank, 264 F.3d 310, 314 (3d Cir. 2001).  Unless the petitioner can demonstrate that one of the alternative starting dates for the habeas period of limitations applies, see 28 U.S.C. § 2244(d)(1)(B)-(D), the habeas period of limitations started to run on June 29, 1999 for his first set of convictions and December 12, 1999 for his second set of convictions.

The petitioner does not contend that any state action in violation of the federal constitution occurred after December 12, 1999 and prevented him from filing his habeas petition sooner that he actually did.[2]  Thus, 28 U.S.C. § 2244(d)(1)(B) does not call for a starting date for the habeas period of limitations after December 12, 1999.  The petitioner does not rely upon a new constitutional right which the Supreme Court initially recognized after December 12, 1999 and which the Supreme Court made retroactively applicable to cases on collateral review.  Thus, 28 U.S.C. § 2244(d)(1)(C) does not call for a starting date for the habeas period of limitations after December 12, 1999.  Finally, the petitioner does not raise a claim containing a factual predicate which, through the exercise of due diligence, he could only have discovered after December 12, 1999.  Thus, 28 U.S.C. § 2244(d)(1)(D) does not call for a starting date for the habeas period of limitations after December 12, 1999.

Based on the preceding discussion, the habeas period of limitations began to run on December 12, 1999.  The petitioner has never filed a collateral attack to his

---

[2]For ease in applying the habeas period of limitations, the court will refer only to date the last of set of convictions became final.

convictions and so the habeas period of limitations expired on December 12, 2000. He did not file his habeas petition until July 11, 2002, which was over one year too late. Therefore, the habeas petition was untimely when it was filed and it should be dismissed.

      My recommendation follows.

## RECOMMENDATION

AND NOW, this       day of November, 2002, for the reasons contained in the preceding Report, it is hereby RECOMMENDED that the petition for a writ of habeas corpus be DISMISSED as time-barred. It is also RECOMMENDED that a certificate of appealability not be granted.

                                      DIANE M. WELSH
                                      UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EVERALD FAGAN (aka EDWARD FRANCIS) | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA, et al. | : | NO. 02-4629 |

O R D E R

AND NOW, this        day of                  , 2002, after careful and independent consideration of the petition for a writ of habeas corpus, the answer thereto and after review of the Report and Recommendation of Diane M. Welsh, United States Magistrate Judge, it is hereby ORDERED that:

1. The Report and Recommendation is APPROVED and ADOPTED;

2. The petition for a writ of habeas corpus is DISMISSED as time-barred; and

3. A certificate of appealability is not granted.

BY THE COURT:

_____
SCHILLER, J.